1 | Nick I. Iezza, SBN 128570
  | Kenneth H. Moss, SBN 138432
2 | SPIWAK & IEZZA, LLP
  | 555 Marin Street, Suite 140
3 | Thousand Oaks, California 91360
  | Telephone: (805) 777-1175
4 | Facsimile: (805) 777-1168

5 | Our File No: 767.0002

6 | Attorneys for Plaintiff Creditor
  | John Levin
7 |

8 | UNITED STATES BANKRUPTCY COURT

9 | CENTRAL DISTRICT OF CALIFORNIA

10 |

11 | In Re:                              )  **CASE NO. 1:09-BK-20023-MT**
                                         )
12 | ANNELI B. FREER,                    )  **Adv. No.**
                                         )
13 | Social Security Number xxx-xx-4014, )  **Chapter 7**
                                         )  **(Trustee: Diane Weil)**
14 |         Debtors.                    )
                                         )  **PLAINTIFF CREDITOR JOHN LEVIN'S**
15 | _____ )  **COMPLAINT OBJECTING TO**
                                         )  **DISCHARGEABILITY OF DEBT**
16 | JOHN LEVIN,                         )  **UNDER TITLE 11 U.S.C. SECTIONS**
                                         )  **523(a)(2)(A) AND 523(a)(6) OWED BY**
17 |         Plaintiff Creditor,         )  **DEFENDANT ANNELI B. FREER**
                                         )
18 | vs.                                 )
                                         )
19 | ANNELI B. FREER; and DOES 1-10,     )
    | inclusive,                         )
20 |                                     )
    |         Defendants.                )
21 | _____ )

22 | Plaintiff Creditor John Levin ("Plaintiff"), a creditor and party in interest in the

23 | above-captioned bankruptcy case, files this Complaint objecting to dischargeability of

24 | debt under Title 11 U.S.C. Section 523 owed by debtor Anneli B. Freer ("Defendant"),

25 | and in support thereof alleges as follows:

26 | I.

27 | <u>Jurisdiction</u>

28 | 1. This Court has jurisdiction over the subject matter of this Complaint as a

---

1    [767.0002]

PLAINTIFF CREDITOR JOHN LEVIN'S COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT UNDER TITLE 11 U.S.C.
SECTIONS 523(a)(2)(A) AND 523(a)(6) OWED BY DEFENDANT ANNELI B. FREER

Case 1:09-bk-20023-MT    Doc 14    Filed 10/30/09    Entered 10/30/09 14:26:46    Desc
Main Document    Page 2 of 8

1. core proceeding pursuant to the provisions of Title 28 U.S.C. Sections 1334 and 157(b)(2)(I) and Title 11 U.S.C. Section 523 because this is a proceeding to determine the dischargeability of a particular debt.

2. This Court has fixed November 3, 2009 as the last day to file a complaint to object to the discharge of debtor under Title 11 U.S.C. Section 727 and to determine dischargeability of debt under Title 11 U.S.C. Section 523.  Therefore, this Complaint has been filed timely.

II.

Venue

3. Venue is proper under Title 28 U.S.C. Section 1409(a).

III.

Parties

4. Defendant filed a Voluntary Petition for Relief under Chapter 7 of Title 11 of the United States Bankruptcy Code in this Court on August 6, 2009.

5. Defendant may be served, pursuant to Federal Rule of Bankruptcy Procedure 7004(b)(1), by mailing a copy of the Summons and Complaint to 11221 Briarcliff, Studio City, County of Los Angeles, State of California, 91604, which address is listed as Defendant's address on her Voluntary Petition for Relief and constitutes either Defendant's dwelling house or usual place of abode, and to David S. Hagen, Esq., 16830 Ventura Boulevard, Suite 500, Encino, California 91436, her attorney listed on her Voluntary Petition for Relief.

IV.

Count I: Violation of Title 11 U.S.C. § 523(a)(2)(A)

6. Plaintiff hereby incorporates Paragraphs 1 through 5 hereinabove into this paragraph, as though fully set forth herein.

7. Plaintiff is the owner of the house and real property located at and commonly referred to as 9669 Oak Pass Road, Beverly Hills, California  90210 ("The House").

2                              [767.0002]
PLAINTIFF CREDITOR JOHN LEVIN'S COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT UNDER TITLE 11 U.S.C.
SECTIONS 523(a)(2)(A) AND 523(a)(6) OWED BY DEFENDANT ANNELI B. FREER

8. On or about August 7, 2007, Defendant submitted to Plaintiff a written Application to Rent The House for $15,000.00 per month beginning on August 10, 2007. In her Application to Rent The House, Defendant represented to Plaintiff that Defendant was receiving $50,000.00 per month in spousal support.

9. Plaintiff is informed and believes and based thereon alleges that said representation was false because (among other things) Defendant stated in her recent bankruptcy petition schedules and statement of financial affairs that she was receiving only $11,500.00 per month in spousal support since her separation date of early 2007, and Plaintiff is further informed and believes and based thereon alleges that Defendant made such representation to Plaintiff in her Application To Rent The House with the intent to induce Plaintiff's reliance and leasing of The House to Defendant.

10. In reliance upon Defendant's representation, Plaintiff leased The House to Defendant for the period August 10, 2007 to September 30, 2008.

11. Plaintiff's reliance upon Defendant's representation was justifiable because, among other things, Defendant gave Plaintiff a deposit check in the amount of $131,000.00 for a pro-rated portion of the August 2007 rent, six additional months rent, and a security deposit (which Defendant subsequently stopped payment on), Defendant and her ex-husband Carl Freer were in escrow to sell a multi-million dollar Bel-Air house located at and commonly referred to as 1744 Stone Canyon Road, Los Angeles, California 90077 due to getting divorced, Defendant represented that she would receive millions of dollars from the sale of said house, Defendant offered to give Plaintiff's then-tenant, Michael Ohoven, a check for $7,000.00 for him to move out of The House within one week (which Plaintiff is informed and believes and based thereon alleges that Defendant subsequently stopped payment on), and Defendant drove an expensive car.

12. Defendant never moved into The House, stopped payment on her deposit check in the amount of $131,000.00, and did not pay any rent to Plaintiff for the term of their written lease agreement.

13. Plaintiff was not able to re-lease The House for more than twelve months, despite his best efforts to do so. When Plaintiff finally was able to re-lease The House, he did so for only $8,000.00 per month.

14. On November 19, 2007, Plaintiff filed Los Angeles County Superior Court Case No. SC096088 against Defendant.

15. On March 4, 2008, Plaintiff obtained a judgment in the amount of $202,488.97 against Defendant. Since March 4, 2008, Defendant has paid only $200.00 to Plaintiff and said judgment remains unsatisfied.

16. Plaintiff is informed and believes and based thereon alleges that Defendant, through false pretenses, false representations, and/or actual fraud, acted to induce Plaintiff to lease The House to Defendant, and in the absence of the false pretense, false representations, and/or actual fraud by Defendant, Plaintiff would not have leased The House to Defendant and incurred a loss in the principal amount of $202,288.97 plus interest at the rate of 10% per annum from March 4, 2008, attributable to Defendant.

17. Plaintiff is informed and believes and based thereon alleges that Defendant's conduct, as described hereinabove, violates Title 11 U.S.C. Section 523(a)(2)(A) and, therefore, Defendant's indebtedness to Plaintiff constitutes a nondischargeable debt.

V.

Count II: Violation of Title 11 U.S.C. § 523(a)(6)

18. Plaintiff hereby incorporates Paragraphs 1 through 17 hereinabove into this paragraph, as though fully set forth herein.

19. Plaintiff is informed and believes and based thereon alleges that Defendant willfully and maliciously injured Plaintiff and/or the property of Plaintiff, and in the absence of this willful and malicious injury to Plaintiff and/or the property of Plaintiff, Plaintiff would not have incurred the losses attributable to Defendant.

20. Plaintiff is informed and believes and based thereon alleges that

1  Defendant's conduct violates Title 11 U.S.C. Section 523(a)(6) and, therefore,

2  Defendant's indebtedness to Plaintiff constitutes a nondischargeable debt.

3  <u>Requested Relief</u>

4  WHEREFORE, Plaintiff respectfully requests that this Court:

5  1. Order that Defendant's indebtedness to Plaintiff in the principal amount of

6  $202,288.97 plus interest at the rate of 10% per annum from March 4, 2008 (or such

7  amount thereof that the Court deems appropriate) constitutes a nondischargeable debt

8  pursuant to Title 11 U.S.C. Sections 523(a)(2)(A) and 523(a)(6);

9  2. Grant a nondischargeable judgment in favor of Plaintiff against Defendant

10  plus prejudgment and postjudgment interest as provided by law, reasonable attorneys

11  fees, costs, and expenses; and

12  3. Grant Plaintiff such other and additional relief as the Court deems just and

13  proper.

14

15  Dated: October 27, 2009          Respectfully submitted,

16                                                           SPIWAK & IEZZA, LLP

17

18                                                           By: _____
                                                                  Nick I. Iezza
19                                                           Attorneys for Plaintiff Creditor
                                                                  John Levin

28  BK_Complaint.wpd

FORM B104 (08/07)                                                    2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** John Levin | **DEFENDANTS** Anneli B. Freer |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Spiwak & Iezza, LLP        (805)777-1175<br>555 Marin Street, Suite 140<br>Thousand Oaks, CA 91360 | **ATTORNEYS** (If Known)<br>David S. Hagen, Esq.<br>16830 Ventura Blvd., Suite 500<br>Encino, CA 91436 |
| **PARTY** (Check One Box Only)<br>☐ Debtor       ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor       ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint objecting to dischargeability of debt under Title 11 USC sections 523(a)(2)(A) and 523(a)(6) owed by defendant Anneli Freer.

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
    11-Recovery of money/property - §542 turnover of property
    12-Recovery of money/property - §547 preference
    13-Recovery of money/property - §548 fraudulent transfer
    14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
    21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
    31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
    41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
    51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
    66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
  1  62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
    67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
    61-Dischargeability - §523(a)(5), domestic support
  2  68-Dischargeability - §523(a)(6), willful and malicious injury
    63-Dischargeability - §523(a)(8), student loan
    64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
    65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
    71-Injunctive relief – imposition of stay
    72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
    81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
    91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
    01-Determination of removed claim or cause

**Other**
    SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
    02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| Check if this case involves a substantive issue of state law | Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| Check if a jury trial is demanded in complaint | Demand $ 202,288.97 |

**Other Relief Sought** a nondischargeable judgment in favor of Plaintiff against Defendant plus prejudgment and postjudgment interest as provided by law, reasonable attorneys fees, costs, and expenses.

CCD-B104

FORM B104 (08/07), page 2          2007 USBC, Central District of California

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | | |
|---|---|---|
| **NAME OF DEBTOR** <br> Anneli B. Freer | **BANKRUPTCY CASE NO.** <br> 1:09-bk-20023 | |
| **DISTRICT IN WHICH CASE IS PENDING** <br> Central District | **DIVISIONAL OFFICE** <br> Woodland Hills | **NAME OF JUDGE** <br> Hon. Maureen A. Tighe |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** <br> *[signature]* | | |
| **DATE** <br> October 30, 2009 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> Nick I. Iezza, Esq. | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| NICK I. IEZZA, SBN 128570<br>KENNETH H. MOSS, SBN 138432<br>SPIWAK & IEZZA, LLP<br>555 Marin Street, Suite 140<br>Thousand Oaks, CA 91360<br>(805) 777-1175<br>(805) 777-1168<br><br>*Attorney for Plaintiff* John Levin | |

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA**

| In re: ANNELI B. FREER | CHAPTER 7 |
|---|---|
| | CASE NUMBER 1:09-bk-20023 |
| Debtor. | ADVERSARY NUMBER |
| JOHN LEVIN<br><br>vs.    Plaintiff(s),<br><br>ANNELI B. FREER<br><br>Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____ , the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| **Hearing Date:** | **Time:** | **Courtroom:** | **Floor:** |
|---|---|---|---|
| 255 East Temple Street, Los Angeles | | 411 West Fourth Street, Santa Ana | |
| 21041 Burbank Boulevard, Woodland Hills | | 1415 State Street, Santa Barbara | |
| 3420 Twelfth Street, Riverside | | | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**JON D. CERETTO
Clerk of the Bankruptcy Court**

By:_____
*Deputy Clerk*

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009 (COA-SA)

**F 7004-1**
F70041